FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

2015 MAR 18  AM 10: 20

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

**CHAD LAWLOR,**

    **Plaintiff,**

**vs.**

CASE NO.:  5:15-cv-135.OC-30PRL

**HARRIS TIRE CO.,**

    **Defendant.** _____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, CHAD LAWLOR, ("Plaintiff"), was an employee of Defendant, HARRIS TIRE CO., ("HARRIS" or "Defendant"), and brings this action for unpaid overtime compensation, minimum wages, liquidated damages, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## JURISDICTION

1.  Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, minimum wages an additional equal amount as liquidated damages and other relief and reasonable attorney's fees and costs.

2.  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and supplemental jurisdiction pursuant to 28 U.S.C. §1367.

3.  At all times material hereto, Plaintiff was a resident of Marion County, Florida.

4.  Defendant, HARRIS, conducts business in, among others, Marion County, Florida, therefore venue is proper in the Middle District of Florida, Ocala Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

1

## PARTIES

5.     Defendant, a Foreign Limited Liability Company, is in the business of operating a tire shop located at 5995 SW 6th Place, Ocala, Florida 34474. *See* Defendant's website, *available at* http://www.harristire.com.

6.     The Plaintiff in this action was employed by Defendant from on or around July 2013 to January 29, 2015 as an hourly paid warehouse worker.

## COVERAGE

7.     At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

8.     At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

9.     At all material times, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10.     At all times material, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

      a.  Engaged in commerce; or

      b.  Engaged in the production of goods for commerce; or

      c.  Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. tools, tires and/or office supplies).

11.     Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## <u>GENERAL ALLEGATIONS</u>

12.    Defendant, HARRIS, is a company classified as a tire company.

13.    Plaintiff, CHAD LAWLOR, performed general labor duties for Defendant.

14.    Plaintiff worked in this capacity from approximately July 2013 through January 29, 2015.

15.    Plaintiff was paid an hourly rate of $9.00 per hour in exchange for work performed.

16.    Plaintiff loaded vehicles with a gross vehicle weight of less than 10,000 pounds as part of his regular job duties.

17.    From on or around July 2013, Plaintiff routinely worked in excess of forty (40) hours per week as part of his regular job duties.

18.    Despite working more than forty (40) hours per week during one or more work weeks, Defendant failed to pay Plaintiff overtime compensation at a rate of time and one-half times his regular rate of pay for hours worked over forty (40) in a workweek.

19.    During one or more workweeks, Defendant improperly deducted money from Plaintiff's wages, causing his wages to fall below the statutory minimum wage for all hours worked.

20.    Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime and minimum wage compensation to Plaintiff.

21.    Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

22.     Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

23.     Defendant failed to maintain proper time records as mandated by law.

24.     Defendant failed to post informational posters as required by law advising its employees of their rights under the FLSA.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

25.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-24 above.

26.     Plaintiff was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per workweek.

27.     From on or about July 2013 and continuing throughout his employment with Defendant, Plaintiff worked overtime hours, but was not paid time and one-half compensation for same during one or more workweeks.

28.     From on or about July 2013 and continuing throughout his employment with Defendant, Defendant compensated Plaintiff at his regular hourly rate of $9.00 for all hours worked including those over forty (40) in a workweek.  Specifically, during the pay period beginning August 6, 2014 and ending on August 19, 2014, Plaintiff worked a total of 95.93 hours, which included 15.93 "overtime" hours.  However, all 95.93 hours were paid at Plaintiff's regular rate of $9.00 per hour.  (See pay record attached as Exhibit "A").

29.     Plaintiff should have earned time and one-half of his regular rate of pay for all hours worked over forty (40) per workweek.

30.     Defendant had knowledge of the overtime hours worked by Plaintiff.

31.     Defendant was aware of the laws which required employees to be paid at time and one half their regular rate of pay for hours worked over forty (40) within a workweek.

32.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

33.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

34.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant;

a.      Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per workweek as allowable under the FLSA statute of limitations period;

b.      Awarding Plaintiff liquidated damages in an amount equal to the overtime award, or alternatively, awarding pre-judgment interest;

c.      Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

d.      Ordering any other further relief the Court deems just and proper.

### COUNT II - RECOVERY OF MINIMUM WAGES (FEDERAL)

35.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-24 above.

36.     Plaintiff was entitled to be paid the full minimum wage for all hours worked during his employment with Defendant.

37.     Plaintiff was entitled to receive the applicable statutory Florida minimum wage rate for all hours worked during his employment with Defendants pursuant to 29 C.F.R. 778.5.

38.     Defendant failed to compensate Plaintiff at least the statutory minimum wage for all hours worked per week, contrary to the FLSA.

39.     Specifically, during the pay period beginning January 7, 2015 and ending on January 20, 2015, Plaintiff worked a total of 77.22 hours.   However, after allowable withholdings and deductions, Plaintiff did not receive at least the applicable statutory minimum wage rate for all hours worked per workweek. (See pay record attached as Exhibit "B").

40.     Because of these policies, Defendant violated the FLSA's provision on minimum wages (29 U.S.C. §206).

41.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

42.     As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff his proper minimum wages during one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

43.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

44.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant;

a. Awarding Plaintiff his unpaid minimum wages as allowable under the FLSA statute of limitations period;

b. Awarding liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;

c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: ___3\16\15___.

Respectfully submitted by,

_____

Kimberly De Arcangelis, Esq.
Bar No.: 0025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: kimd@forthepeople.com
Trial Attorneys for Plaintiff

# EXHIBIT "A"

HARRIS TIRE COMPANY
P O Drawer 888,
Troy, AL 36081



Check date:  08/21/2014

Pay to the order of:  CHAD LAWLOR                                         $           0.00

**Zero And 00/100 Dollars*****************************************************



CHAD LAWLOR
7420 SW 12TH
OCALA, FL  34474

⑈⑈005594⑈⑈ ⑆062000080⑆ 20006879204 75⑈⑈

---

| ·578 | CHAD LAWLOR | | | | | Check date: 08/21/2014 Period beg.: 08/06/2014 | | Check #: 5594 Period end: 08/19/2014 |

| Wages | Reg. Hrs. | O/T Hrs. | Dbl. Hrs. | Amount | Deductions | Amount |
|---|---|---|---|---|---|---|
| Hourly Wages | 80.00 | | | 720.00 | FICA-Med | 12.52 |
| Overtime | 15.93 | | | 143.40 | FICA-SS | 53.53 |
| | | | | | Federal W/H | 99.08 |
| | | | | | Direct Deposit | 580.91 |
| | | | | | CHILD SUPPORT | 117.36 |
| | | | | 863.40 | | 863.40 |

| Totals | 95.93 | | | | | | |
|---|---|---|---|---|---|---|---|
| Used this check: | | Direct Deposit Detail: | | | Net Check | 0.00 | |
| Vacation | 0.00 | 1946130737 | 580.91 | | Direct Deposit | 580.91 | |
| | | | | | Total Pay | 580,91 | |

---

### Year to Date

| Wages | Reg. Hrs. | O/T Hrs. | Dbl. Hrs. | Amount | Deductions | Amount |
|---|---|---|---|---|---|---|
| Hourly Wages | 1358.67 | | | 12,228.00 | FICA-Med | 212.94 |
| Overtime | 233.05 | | | 2,097.45 | FICA-SS | 910.50 |
| Vacation | 40.00 | | | 360.00 | Federal W/H | 1,658.85 |
| | | | | | Direct Deposit | 9,908.04 |
| | | | | | CHILD SUPPORT | 1,995.12 |
| | | | | 14,685.45 | | 14,685.45 |

| Totals | 1631.72 | | | 14,685.45 | Net Check | 0.00 |
|---|---|---|---|---|---|---|
| Available: | | | | | Direct Deposit | 9,908.04 |
| Vacation | -40.00 | | | | Total Pay | 9,908.04 |

# EXHIBIT "B"

Pay to the order of: CHAD LAWLOR     $     0.00

**Zero And 00/100 Dollars**************************************************************



CHAD LAWLOR
7420 SW 12TH
OCALA, FL  34474

⑈001144⑈ ⑆062101031⑈ 40 9611 2⑈

| 578 | CHAD LAWLOR | | | | Check date: 01/23/2015 | Check #: | 1144 |
|-----|------------|---|---|---|-------------------------|-----------|------|
| | | | | | Period beg.: 01/07/2015 | Period end: | 01/20/2015 |

| Wages | Reg. Hrs. | O/T Hrs. | Dbl. Hrs. | Amount | Deductions | Amount |
|-------|-----------|----------|-----------|--------|-----------|--------|
| Hourly Wages | 77.22 | | | 694.95 | FICA-Med | 10.08 |
| | | | | | FICA-SS | 43.08 |
| | | | | | Federal W/H | 73.23 |
| | | | | | Direct Deposit | 131.20 |
| | | | | | CHILD SUPPORT | 117.36 |
| | | | | | CHARGE ACCT | 320.00 |
| Totals | 77.22 | | | 694.95 | | 694.95 |

| Used this check: | | Direct Deposit Detail: | | | Net Check | 0.00 |
|------------------|------|------------------------|--------|---|-----------------|--------|
| Vacation | 0.00 | 36000795136 | 131.20 | | Direct Deposit | 131.20 |
| | | | | | Total Pay | 131.20 |

### Year to Date

| Wages | Reg. Hrs. | O/T Hrs. | Dbl. Hrs. | Amount | Deductions | Amount |
|-------|-----------|----------|-----------|--------|-----------|--------|
| Hourly Wages | 157.02 | | | 1,413.15 | FICA-Med | 20.50 |
| Overtime | 0.05 | | | 0.45 | FICA-SS | 87.64 |
| | | | | | Federal W/H | 150.02 |
| | | | | | Direct Deposit | 600.72 |
| | | | | | CHILD SUPPORT | 234.72 |
| | | | | | CHARGE ACCT | 320.00 |
| Totals | 157.07 | | | 1,413.60 | | 1,413.60 |

| Available: | | | | | Net Check | 0.00 |
|------------|--------|---|---|---|-----------------|--------|
| Vacation | -40.00 | | | | Direct Deposit | 600.72 |
| | | | | | Total Pay | 600.72 |