# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

CHAD LAWLOR,

     Plaintiff,

v.                                     Case No:  5:15-cv-135-Oc-30PRL

HARRIS TIRE CO.,

     Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Entry of Default Final Judgment (Doc. 10).  The Court, having reviewed the motion and Plaintiff's complaint, and being otherwise fully advised in the premises, concludes that the motion should be denied without prejudice because it appears that Defendant was not properly served.

On March 18, 2015, Plaintiff filed a complaint against Defendant alleging claims for unpaid overtime compensation and recovery of minimum wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, 216(b).  On May 20, 2015, Plaintiff filed an affidavit of service reflecting that Defendant was served through its office manager Rhonda Ellis on March 17, 2015.  (Doc. 3).  As of May 20, 2015, Defendant failed to answer or otherwise respond to Plaintiff's complaint.  (Doc. 4).  Consequently, a clerk's

default was entered against Defendant. (Doc. 5). Plaintiff now seeks default final judgment against Defendant. (Doc. 10).

A court can only enter a judgment against a party properly before it; assuming that jurisdiction over the action and parties exist, that is accomplished through appropriate service of process. Federal Rule of Civil Procedure 4 provides the procedure to be followed to properly effect service of process on a defendant. Specifically, a corporation, partnership, or association may be served with process by either (1) following applicable state law or (2) delivering the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment of law in accordance with Rule 4(h)(1)(B). *See* Fed. R. Civ. P. 4(h)(1). If service is not made pursuant to Rule 4(h)(1)(B), Florida Statute § 48.081 governs service of process on a domestic corporation. *See* Fed. R. Civ. P. 4(h)(1)(A). Section 48.081(1) uses a hierarchal approach, providing that process may be served:

> (a) On the president or vice president, or other head of the corporation;
>
> (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
>
> (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
>
> (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

Generally, a return of service which is regular on its face will be presumed valid. *Haueter-Herranz v. Romero*, 975 So. 2d 511, 518 (Fla. 4th DCA 2008) (noting that, under Florida law, a return of service is entitled to a "presumption of validity" only if it is "regular

2

on its face"); *see also Rajbhandari v. U.S. Bank*, No. 13-81218-CIV, 305 F.R.D. 689, 693 (S.D. Fla. Mar. 17, 2015) (noting that a return of service is presumed valid). However, this presumption does not attach to the return of service filed in this case because it is not regular on its face in that it does not reflect appropriate service on Defendant. Rule 4(h)(1)(B) requires service on a corporate officer or authorized agent and section 48.081 requires service be attempted on corporate superiors before service is attempted on an inferior employee. Moreover, under Florida law, if an inferior employee is served, the return of service must reflect that all corporate superiors were absent. *See Nat'l Safety Assocs. v. Allstate Ins. Co.*, 799 So. 2d 316, 318 (Fla. 2d DCA 2001) (holding that service was invalid because the return of service did not reflect the absence of corporate superiors); *Saridis v. Vista St. Lucie Ass'n*, 804 So. 2d 372, 373 (Fla. 4th DCA 2001) (holding that the affidavit of service must show the necessity of substitute service on an inferior employee).

The affidavit of service does not reflect that service was attempted on a corporate superior as delineated in section 48.081 before service was attempted on the office manager. Moreover, an office manager is not an appropriate party for service of process under federal or Florida law. *See Tuscano v. Newhouse*, No. 6:07-cv-1342-ORL-31DAB, 2008 WL 2038418, at *1 (M.D. Fla. Feb. 27, 2008), *report and recommendation adopted in part*, No. 6:07-cv-1342-ORL-31DAB, 2008 WL 2038413 (M.D. Fla. May 12, 2008); *see also A-One Dahill Moving & Storage Co. v. Am. Ins. Co.*, 436 So. 2d 424, 425 (Fla. 4th DCA 1983) (holding that unless evidence indicates a dual role, an office manager is not an appropriate party for service under section 48.081).

3

Because it appears that Defendant was not properly served, Plaintiff's motion should be denied without prejudice.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.      Plaintiff's Motion for Entry of Default Final Judgment (Doc. 10) is DENIED WITHOUT PREJUDICE with leave for Plaintiff to refile his motion if he can establish that Defendant was properly served.

**DONE** and **ORDERED** in Tampa, Florida, this 21st day of July, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

4