## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

CHAD LAWLOR,

     Plaintiff,

v.                                 Case No:  5:15-cv-135-Oc-30PRL

HARRIS TIRE CO.,

     Defendant.

_____/

## DEFAULT FINAL JUDGMENT

THIS CAUSE comes before the Court upon Plaintiff's Amended Motion for Entry of Default Final Judgment (Doc. 12).  The Court, having reviewed the motion and Plaintiff's complaint, and being otherwise fully advised in the premises, concludes that the motion should be granted.

On March 18, 2015, Plaintiff filed a complaint against Defendant alleging claims for unpaid overtime compensation and recovery of minimum wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, 216(b).  On May 20, 2015, Plaintiff filed a return of service reflecting service on Defendant through office manager Rhonda Ellis on March 17, 2015.  (Doc. 3).  As of May 20, 2015, Defendant failed to answer or otherwise respond to Plaintiff's complaint.  (Doc. 4).  Consequently, a clerk's default was entered against Defendant.  (Doc. 5).  Plaintiff then sought default final judgment against Defendant.  (Doc. 10).  Upon reviewing the return of service, the Court denied Plaintiff's

motion without prejudice because it was not clear from the face of the return whether Defendant was properly served.  (Doc. 11).

Plaintiff now renews his motion for default final judgment, attaching an amended return of service which shows that service was made upon Rhonda Ellis, an employee of the registered agent, because service was attempted upon the registered agent pursuant to Florida law and the registered agent was not present.  (Doc. 12, Ex. A).  The amended return of service therefore demonstrates that service was properly effected on Defendant in accordance with Florida law.  *See* Fla. Stat. § 48.081(3)(a) (permitting service on an employee of the registered agent for failure to comply with Florida Statutes § 48.091).

In support of the motion for default final judgment, Plaintiff submits his own affidavit outlining the amount of unpaid overtime wages, unpaid minimum wages, and liquidated damages owed to him as calculated under 29 U.S.C. § 216(b).  (Doc. 12, Ex. C). Specifically, Plaintiff seeks damages in the amount of $6,415.42, constituting $2,844 in unpaid overtime wages, $363.71 in unpaid minimum wages for the period beginning January 7, 2015, and ending January 20, 2015, and $3,207.71 in liquidated damages. Plaintiff also requests costs in the amount of $650, constituting $400 for the filing fee and $250 for fees for service of process.  (*Id.*, Ex. D).  Plaintiff does not seek recovery of attorney's fees.

Under 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure 55(b), the Court agrees that Plaintiff is entitled to damages in the amount of $6,415.42.  The Court also concludes that Plaintiff is entitled to costs in the amount of $650.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1.      Plaintiff's Motion for Entry of Default Final Judgment (Doc. 12) is GRANTED.

2.      The Clerk is directed to enter Final Default Judgment in favor of Plaintiff and against Defendants in the amount of $7,065.42, which represents $6,415.42 in damages and $650 in costs.  This amount shall accrue postjudgment interest at the federal statutory rate.

3.      The Clerk is directed to close this case and terminate any pending motions as moot.

4.      For all of which let execution issue.

**DONE** and **ORDERED** in Tampa, Florida, this 2nd day of September, 2015.


JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE


Copies furnished to:
Counsel/Parties of Record