**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**CHAD LAWLOR,**

       **Plaintiff,**

**v.**                                                                                   **Case No: 5:15-cv-135-Oc-30PRL**

**HARRIS TIRE CO.**

       **Defendant.**

_____

## ORDER

    This matter is before the Court on Plaintiff Chad Lawlor's motion for issuance of a writ of garnishment directed to Bank of America.   (Doc. 21).

    On September 3, 2015, the Court entered an amended final judgment in Plaintiff's favor against Defendant.   (Doc. 15).   Plaintiff now moves for a writ of garnishment to satisfy the outstanding judgment in the amount of $7,065.42, the full amount of which remains due and owing, plus interest and costs.   Plaintiff believes that Bank of America has in its possession goods, monies, chattel, or effects belonging to Defendant.

    Pursuant to Fed. R. Civ. P. 69, the Court must follow state law with regard to garnishment procedures.   *See* Fed. R. Civ. P. 69.   Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment.   To obtain a writ of garnishment after judgment, plaintiff is required to file a motion stating the amount of the judgment.   *See* Fla. Stat. § 77.03.   Defendant satisfied this requirement.

    After a writ of garnishment is issued, Chapter 77 imposes certain notice requirements in connection with the garnishment proceeding.   If a defendant is an individual (which is not the case here), subsection 77.041(1) requires notice to the defendant and prescribes the exact language

of a "Notice to Defendant of Right against Garnishment of Wages, Money, and Other Property."[1] *See* Fla. Stat. § 77.041(1).   In addition, subsection 77.041(2) explains plaintiff's notice obligations.

Accordingly, upon due consideration, Plaintiff's motion (Doc. 21) is **GRANTED**, and the Clerk is directed to issue the Writ of Garnishment to Garnishee Bank of America attached to Plaintiff's motion.   (Doc. 21, page 2).   Plaintiff is reminded that he must fully comply with all notice requirements of § 77.041, Florida Statutes.

**DONE** and **ORDERED** in Ocala, Florida on August 30, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] The statute uses the term "plaintiff" to describe the party applying for a writ of garnishment, and the term "defendant" to describe the party whose wages, money, and other property may be garnished.   In this case, however, Defendant obtained a judgment following a motion for sanctions against Plaintiff and his lawyer, and, thus, the titles of the parties are (somewhat confusingly) reversed.   To further complicate matters, Defendant and Garnishee's names in this motion are identical.